PEOPLE *ex rel.* CONNOR *v.* PURROY *et al.*, Fire Commissioners.

*(Common Pleas of New York City and County, Special Term.  April, 1892.)*

CERTIORARI—FAILURE TO SERVE IN TIME—MOTION TO QUASH.

A writ of *certiorari*, not granted and served within four months after the determination to be reviewed became final, as required by Code Civil Proc. § 2125, may be quashed on motion; a statute of limitations, which section 413 provides can only be taken advantage of by answer, not being involved.

*Certiorari* on the relation of one Connor to review the action of Henry D. Purroy and others, as fire commissioners of the city of New York.  Respondents move to quash on the ground that it was not granted and served within the time prescribed by Code Civil Proc. § 2125.  Motion granted.

*Louis J. Grant,* for relator.  *William L. Findley,* for respondents.

BOOKSTAVER, J.  It is contended on behalf of the relator that section 2133 of the Code provides that "any order may be made or proceeding taken in the case in relation to any matter not provided for in this article, as a similar proceeding may be taken in an action brought in the same court;" and that, as there is no special provision in the article as to procedure in case the writ is not served within the time prescribed,[1] the proper course would be the same as in an action, which would be to set up the fact in the return; basing this claim upon section 413 of the Code of Civil Procedure, which provides that the statute of limitations can only be taken advantage of by answer, and that, if the appellants desired to avail themselves of that provision, they should set it up in the return.  This I do not think is sound, notwithstanding the opinion of the learned judge who decided *People ex rel. McNeary* v. *McLean,* (unreported.)[2]  There is a broad distinction between the statute of limitations and the time provided by statute within which a proceeding must be instituted.  In the former case, if the plaintiff is a nonresident, the statute does not run against him; and so in many other exceptions provided for by law.  But in this case the statute makes no such ex-

---

[1] Code Civil Proc. § 2125, provides that, subject to certain provisions as to age, insanity, or imprisonment, a writ of *certiorari* must be granted and served within four calendar months after the determination to be reviewed becomes final and binding on the relator or the person he represents.

[2] This decision was reversed in 19 N. Y. Supp. 56.

ceptions. It is more analogous to the time given in which to take an appeal. If an appeal is not taken within the time limited, it may be dismissed on motion without waiting for the appeal to be heard. So in the case of a mechanic's lien, if it should clearly appear upon the face of the complaint that more than 90 days had expired between the entire completion of the work and the filing of the lien, the complaint would be demurrable, and the defect need not be taken advantage of by answer. And this is true of many other remedies, the time to take advantage of which is limited by law. In those cases the party seeking the remedy must bring himself within the statute before he can avail himself of it. The motion should therefore be granted, with $10 costs.

